UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GLASS, | No. C-08-4931 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS** |
| ARCHSTONE COMMUNITIES, | |
| Defendant. | **(Docket No. 50)** |

Defendant Archstone Communities has filed a motion to dismiss based on Plaintiff Kimberly Glass's failure to respond to discovery and to prosecute this case. No opposition to the motion was filed. A hearing was held on Archstone's motion on February 10, 2010. At the hearing, counsel for Ms. Glass indicated that no opposition had been filed because he had not been able to contact Ms. Glass. Having considered the papers submitted as well as the oral argument of counsel, the Court hereby **DENIES** the motion to dismiss, but without prejudice.

Under Federal Rule of Civil Procedure 37(d), a court may sanction a party if she fails to appear for a deposition after being served with proper notice or if she fails to respond to document requests after being properly served. *See* Fed. R. Civ. P. 37(d)(1)(A). Sanctions that may be awarded include any of those listed in Rule 37(b)(2)(A)(i)-(vi). *See* Fed. R. Civ. P. 37(d)(3). Rule 37(b)(2)(A)(v) provides for dismissal of the action or proceeding in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Of course, "in view of the strong policy favoring resolution of cases on their merits, and since the magnitude of due process concerns grows with the severity of the sanction, courts

1  uniformly have held that orders dismissing the action . . . are generally deemed appropriate only as a
2  last resort, or when less drastic sanctions would not ensure compliance with a court's orders." 7-37
3  Moore's Fed. Prac. – Civ. § 37.50[2][a]. The Ninth Circuit has specifically stated that the
4  availability of less drastic sanctions is one of five factors that a court should consider in determining
5  whether a dismissal is appropriate. *See Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829,
6  831 (9th Cir. 1986) (noting that, " because dismissal is such a severe remedy, we have allowed its
7  imposition . . . only after requiring the district court to weigh several factors: (1) the public's interest
8  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
9  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5)
10 the availability of less drastic sanctions").

11 Taking into account the five factors identified above, the Court concludes while nearly all the
12 factors favor dismissal, that a dismissal at this juncture is premature, particularly because of the
13 availability of a less drastic sanction is last clear warning to Plaintiff. The Court therefore rules as
14 follows.

15 Ms. Glass shall be given one final opportunity to serve responses to the written discovery
16 propounded (interrogatories and document requests) and to appear for a deposition. More
17 specifically, she shall have until **February 24, 2010**, to serve responses to the written discovery and
18 to contact Archstone to arrange for a mutually agreeable date for her deposition which must be given
19 no later than March 5, 2010. **The Court forewarns Ms. Glass that, if she does not comply with**
20 **this order, then the Court shall dismiss her case with prejudice pursuant to Rule 37(d).** Ms.
21 Glass's counsel is directed to make reasonable efforts to find and contact her.

22 This order disposes of Docket No. 50.

24 IT IS SO ORDERED.

26 Dated: February 10, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge